IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-CV-01542-MJW

BRUCE P. KRIEGMAN as Chapter 11 Trustee for LLS America,

    Plaintiff(s),

v.

ALEX MIRROW and SAVE IT, LLC

    Defendant(s)

## PLAINTIFF'S MOTION FOR FURTHER ORDERS RE DISCOVERY

Plaintiff, Bruce P. Kriegman, Chapter 11 Trustee for LLS America, LLC ("Trustee"), by undersigned counsel, respectfully requests further orders regarding discovery, and in support, states as follows:

### CERTIFICATION OF CONFERRAL

The Trustee's counsel conferred with attorney John Green regarding the subject Subpoenas in connection with their conferral regarding the pending Motion to Alter or Amend Judgment. They were unable to resolve their disputes.

### REQUEST FOR FURTHER ORDERS REAGARDING DISCOVERY

**Seymour and Fatima Mirrow**

In the Amended Emergency Motion to Quash Subpoenas (Doc. # 16) and Motion to Alter or Amend Judgment (Doc. # 32), Movants' counsel ("Attorney Green"), claims that Seymour Mirrow is incapacitated, incompetent, and wheelchair bound, his wife Fatima is also incompetent, and that neither of them (nor their caregiver, Glenn Ayres), have any knowledge or information which is the subject Subpoenas.

However, either Seymour and Fatima Mirrow: (1) are each competent to have retained their legal counsel of record and to work him and, with his assistance, should be respond to the Subpoenas and appear for depositions and answer questions, or (2) are under the care and supervision of *someone else* who, with valid authority, has retained counsel for them and who is working with their counsel and who, in cooperation with counsel, can assist them in responding to the Subpoenas.[1] Attorney Green has filed an Entry of Appearance for Defendant Alex Mirrow. It is simply not credible that the Senior Mirrow's condition is as Attorney Green describes, and yet *no one* has been appointed or designated to act for them and protect their interests.

## REQUEST FOR FURTHER ORDERS REGARDING DISCOVERY

The Court has wide discretion to enter appropriate orders governing discovery. See generally, *De Grado v. Jefferson Fin. Ins. Co.*, 2009 U.S. Dist. LEXIS 54816 (D. Colo. June 12, 2009). It is evident from the Motion to Alter and Amend that orders regarding the Subpoenas are necessary. For example, as the Trustee stated in his Response to that Motion, in their Motion to Alter or Amend, Attorney Green warns that, if the Subpoenas are enforced: "Counsel would then be forced to invoke the Senior Mirrows' Fifth Amendment privilege against self incrimination on their behalf" and also stated: "Movants herein seek to vacate their prior motion to enable filing of amended pleadings herein to assert new claims or previously neglected affirmative defenses." Clearly, unless Movants' behavior is appropriately governed and controlled, anything could happen.

Accordingly, Plaintiff request that the Court Order that, no later than fifteen (15) days from the date of the Court's Order:

- The Senior Mirrows and caregiver Glen Ayers, with the assistance of Attorney Green, locate, gather, review and produce to Plaintiff's counsel all documents in their possession responsive to the Subpoenas ; and

- The Senior Mirrows and Mr. Ayers propose dates and places for their depositions (perhaps at the U.S. District Courthouse in Houston), to take place at take place within a reasonable time after they produce the documents responsive to the Subpoenas, and in any case not later than thirty (30) days from the date of the Court's Order.

---

[1] As noted in the Motion for Subpoenas, the Clerk and Recorder of Harris County, Texas, has on file a Power of Attorney which makes Defendant Alex Mirrow *attorney in fact* for both of his parents, Seymour and Fatima Mirrow.

2

Without further information and input from Movant's (and Defendant Alex Mirrow's) counsel, it is difficult for the Trustee to formulate a more definite and appropriate request, or for the Court to access the entire relevant surrounding facts and circumstances and fashion approprite relief. Accordingly, the Trustee invites the Court to conduct a hearing to consider the nature of the search for and production of documents responsive to the Subpoenas, including who should conduct the search, and the time, place and manner of the conduct of the depositions.

WHEREFORE, Plaintiff prays that the Court enter the aforesaid orders or conduct a hearing to consider the nature of the search for and production of documents responsive to the Subpoenas, including who should conduct the search, and the time, place and manner of the conduct of the depositions.

DATED this 2nd day of September, 2016

/s/ Bruce E. Rohde
_____
Bruce E. Rohde
EasonRohde, LLC
1129 Cherokee Street
Denver, CO  80204
303-381-3400(ph)
303-381-3401 (fax)
bruce@easohrohde.com
Counsel for Plaintiff
*Original signature on file at the offices EasonRohde, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing **PLAINTIFF'S MOTION FOR FURTHER ORDERS RE DISCOVERY** has been electronically filed this 2nd day of September 2016, and served upon the following:

John L. Green, Esq.
4888 Loop Central Drive, Suite 445
Houston, TX  77081
Jlgreen488@aol.com
713-660-7400 (ph)
713-660-9921 (fax)

_____
s/ Bruce E. Rohde
*Original signatures are maintained by the filing party and will be made available for inspection by the Court upon request.*

3