IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-01542-PAB-MJW

BRUCE P. KRIEGMAN, as Chapter 11 Trustee for LLS America, LLC,

Plaintiff,

v.

ALEX MIRROW and
SAVE IT, LLC,

Defendants.

ORDER

Entered by Magistrate Judge Michael J. Watanabe

This matter is before the Court on the Motion to Alter or Amend Judgment Pursuant to Fed. R. Civ. P. 59(e) (Docket No. 32) filed by non-party movants Seymour Mirrow, Fatima Mirrow, and Glenn Ayers (collectively, "Movants") and Plaintiff's Motion for Further Orders Re Discovery (Docket No. 35).

**A.    Motion to Alter or Amend Judgment Pursuant to Fed. R. Civ. P. 59(e) (Docket No. 32)**

On July 26, 2016, the Court denied Movants' request to quash the subpoenas issued to them in this action. Movants now ask the Court to reconsider that decision.

Notably, the motion is brought under Fed. R. Civ. P. 59(e) which governs motions for reconsideration of a judgment. This rule provides that "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of judgment." This Rule "was adopted to make clear that the district court possesses the power to rectify its own mistakes in the period immediately following the entry of judgment." *White v.*

1

*N.H. Dep't of Emp't Sec.*, 455 U.S. 445, 450 (1982) (internal quotation marks omitted; alterations incorporated). Accordingly, the Court may amend a judgment in its discretion on account of "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). A motion under the clear error prong of this test "is appropriate where the court has misapprehended the facts, a party's position, or the controlling law." *Id*. However, motions to alter or amend the judgment pursuant to Rule 59(e) "are regarded with disfavor . . . [and are] 'not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing.'" *Kerber v. Qwest Group Life Ins. Plan*, 727 F. Supp. 2d 1076, 1076 (D. Colo. 2010) (quoting *Servants of the Paraclete*, 204 F.3d at 1012).

The Federal Rules of Civil Procedure do not expressly provide for motions for reconsideration outside of that context. *See Hatfield v. Bd. of Cty. Comm'rs for Converse Cty.*, 52 F.3d 858, 861 (10th Cir.1995). However, as Judge Brimmer has recently explained:

> It is [ ] within the Court's discretion to reconsider its rulings. *See Fye v. Okla. Corp. Comm'n*, 516 F.3d 1217, 1223 n. 2 (10th Cir. 2008) ("The District Court's partial summary judgment ruling was not a final judgment. Thus, [plaintiff's] motion for reconsideration is considered an interlocutory motion invoking the district court's general discretionary authority to review and revise interlocutory rulings prior to entry of final judgment."). When doing so, the Court considers whether new evidence or legal authority has emerged or whether the prior ruling was clearly in error. *See Vigil v. Colorado Dep't. of Corrections*, No. 09-cv-01676-PAB-KLM, 2011 WL 1518660, at *1 (D. Colo. Apr. 20, 2011); *cf. Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) ("[A] motion for reconsideration is appropriate where the court has misapprehended the

> facts, a party's position, or the controlling law. It is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing.") (citations omitted).

*Irvine v. I.C. Sys., Inc.*, — F.Supp.3d —, 2016 WL 4196812, at *4 (D. Colo. July 29, 2016).

Movants ask the Court to reconsider its prior decision due to "newly available evidence in the form of written letter declarations of incompetency made by physicians, an affidavit of Glenn Ayers, and current 'day-in-the-life' videos of Movants Seymour Mirrow and Fatima Mirrow." (Docket No. 32 at 3). Movants attach the following "new evidence" to their motion: (1) an affidavit signed by Movant Ayers essentially stating that he would prefer to not participate in the litigation (Docket No. 32-1); (2) two letters dated July 26, 2016 from Dr. Susan Williams, M.D. (Docket No. 32-4); and (3) a December 18, 2014 letter from Dr. Robert Harper, M.S. to Dr. Williams (Docket No. 32-5). Notably the two letters from Dr. Williams simply state that Mr. and Mrs. Mirrow are "not able to testify or appear in court" due to their diagnoses from when their first were seen by her clinic in 2013. The December 18, 2014 letter provides an analysis of Mrs. Mirrow's neuropsychological evaluation conducted by Dr. Harper. As noted above, a motion for reconsideration "is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Servants of the Paraclete*, 204 F.3d at 1012 (citations omitted). That is exactly what Movants are attempting to do here. None of this information is "newly discovered." *See Monge v. RG Petro-Machinery (Group) Co. Ltd.*, 701 F.3d 598, 611-12 (10th Cir. 2012). This is simply a case in which Movants collected some documentary evidence in support of their arguments after requesting the same relief from the Court and receiving an adverse

3

ruling. That does not form a basis on which the Court can reconsider its prior decision.

Movants also "assert that this Court has no personal jurisdiction over Seymour Mirrow and Fatima Mirrow . . . in that this Court has no specific jurisdiction and no transient jurisdiction." (Docket No. 32). This argument is muddled and, bluntly, does not make sense. Accordingly, the Court does not address it herein.

Movants also offer broad assertions about their due process rights and their right to counsel. (Docket No. 32 at 5-8). This rambling diatribe does not appear to request any relief from the Court and is therefore not addressed herein.

Movants also include a section titled "No Evidentiary Hearing on the Issue of Movants Competency" in their motion and then argue that Mr. and Mrs. Mirrow are incompetent to testify in a deposition under Fed. R. Evid. 602.[1] (Docket No. 32 at 8-9). Rule 602 was not raised in Movants' prior motion and therefore was not address in the motion under reconsideration. As a result, this issue is not properly before the Court.

For the above reasons, the Motion to Alter or Amend Judgment Pursuant to Fed. R. Civ. P. 59(e) (Docket No. 32) filed by Movants is DENIED.

**B.    Plaintiff's Motion for Further Orders Re Discovery
       (Docket No. 35)**

In Plaintiff's Motion for Further Orders Re Discovery (Docket No. 35), Plaintiff requests that the Court order that (1) Movants be ordered to produce all documents in their possession responsive to the Subpoenas within 15 days from the date of this Minute Order and (2) Movants be ordered to propose dates and places for their

---

[1] Later, in their conclusion, Movants cite to both Rule 601 and Rule 602. However, neither rule was discussed by Movants in their prior motion and, therefore, neither rule was addressed by the Court in the motion under reconsideration.

depositions not later than 30 days from the date of this Minute Order. (Docket No. 35 at 2).

As Plaintiff notes, there is a discrepancy in the information Movants have provided in their prior filings such that either they are competent to retain counsel and work with him or someone has been appointed to act on behalf of the Mirrows if they are not competent and that person must have retained counsel for them. However, this discrepancy has not been clarified by Movants or their counsel. However, regardless of the situation, Movants have failed to respond to Plaintiff's motion. Movants have therefore confessed the motion and the Court will grant it to the extent it requests that the Court set the above deadlines regarding the requested discovery. *See Walter v. HSM Receivables*, No. 13-cv-00564-RM-KLM, 2014 WL 5395197, at *1 (D. Colo. Oct. 23, 2014) ("The Motion is essentially unopposed as no response has been filed by Defendants."); *Armstrong v. Swanson*, No. 08-cv-00194-MSK-MEH, 2009 WL 1938793, at *1 (D. Colo. July 2, 2009) (noting that Plaintiff did not file a response to the motion for sanctions and "deem[ing] the Plaintiff to have defaulted on th[e] motion."). However, to the extent Plaintiff "invites the Court to conduct a hearing to consider the nature of the search for and production of documents responsive to the Subpoenas, including who should conduct the search, and the time, place and manner of the conduct of the depositions," the Court denies the motion without prejudice at this time. If such a hearing becomes necessary, Plaintiff may file a motion requesting that relief at a later time.

For the above reasons, Plaintiff's Motion for Further Orders Re Discovery (Docket No. 35), is GRANTED in part and DENIED without prejudice in part.

Accordingly, it is further ORDERED that Movants shall produce all documents in their possession responsive to the Subpoenas within 15 days from the date of this Order and (2) Movants shall propose dates and places for their depositions not later than 30 days from the date of this Order.

**Movants and their counsel are warned that Fed. R. Civ. P. 16(f) empowers the Court to sanction a party that a failure to comply with any pretrial order, including this Order. Potential sanctions are listed in Fed. R. Civ. P. 37(b)(2)(A)(ii)-(vii), which is referenced in Rule 16(f). In addition, Rule 37 empowers a party to request those same sanctions for failure to comply with a court order.**

Dated:  December 9, 2016  
        Denver, Colorado

s/ Michael J. Watanabe  
Michael J. Watanabe  
United States Magistrate Judge