IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-CV-01542-MJW

BRUCE P. KRIEGMAN as Chapter 11 Trustee for LLS America,

        Plaintiff,

    v.

ALEX MIRROW and SAVE IT, LLC,

        Defendant.

**TRUSTEE'S RESPONSE TO NOTICE OF [ALLEGED] COMPLIANCE**

    Plaintiff, Bruce P. Kriegman as Chapter 11 Trustee for LLS America ("Trustee"), by and through his attorneys, Campbell, Killin, Brittan and Ray, LLC, in Response to attorney John L. Green ("Attorney Green") and Seymour and Fatima Mirrow's (the "Senior Mirrows") Notice of Compliance and Update (#70) ("Notice"), states as follows:

    1.    Initially, Attorney Green claims "he did not waive the jurisdictional issue" when he appeared at the September 26, 2016 Motions Hearing. Actually, when the Court raised the issue, Attorney Green said he 'was not here to object to jurisdiction' (or something to that effect), whereupon the Court proceeded to exercise jurisdiction and rule on the pending Motions.

    2.    Although Attorney Green has produced the Senior Mirrows' Wills, and apparently has verified that they do not have any life insurance policies (even though at his deposition Seymour Mirrow testified that he had a $100,000 policy), <u>as of the date of the filing of this Response to the Notice, the Trustee has not received any of the Senior Mirrows' bank records</u>, even though: (1) Attorney Green reported to the Court that he knew that Judgment Debtor Alex Mirrow had withdrawn money from the Senior Mirrows' accounts; (2) Attorney Green told the

{00353638.DOCX / 1}

undersigned that he did, in fact, have some banks records, and that he was going to provide them, and that they showed that Judgment Debtor Alex Mirrow had made regular withdraws; and (3) Attorney Green now reports that Judgment Debtor Alex Mirrow "has agreed to provide Attorney Green with the available bank records…" *See* Notice, p.3, paragraph 9. Accordingly, further sanctions are in order (i.e. a monetary sanction in the nature of a fine for each day after the deadline set by the Court the bank records are failed to be produced).

3. Contrary to the Attorney Green's statement that the Trustee "has not indicated that the [has] an interest in [Judgment Debtor Alex Mirrow's] deposition, the Trustee has a <u>keen</u> interest in deposing him.

4. The Trustee and Attorney Green have not been able to reach an agreement on the amount the attorneys' fees which should be paid pursuant to the Court's Order. As stated in the Notice, the Trustee has demanded payment of $8,010, and has filed a final supporting affidavit as ordered. In that regard, Attorney Green's statement that he has "filed only responsive pleadings from inception of this matter" is false. Indeed, his Motion for Protective Order was a subject of the Order for sanctions.

DATED this 27th day of November, 2018.

**CAMPBELL KILLIN BRITTAN & RAY, LLC**

By: */s/ Bruce E. Rohde*
Bruce E. Rohde, #11465
270 St. Paul Street, Suite 300
Denver, Colorado 80206
Phone: (303) 322-3400
Fax: (303) 322-5800
Email: brohde@ckbrlaw.com

ATTORNEYS FOR PLAINTIFF
Bruce P. Kriegman, as Chapter 11 Trustee for
LLS America

{00353638.DOCX / 1}

## CERTIFICATE OF SERVICE

I hereby certify that on November 27, 2018, a true and correct copy of the foregoing **TRUSTEE'S RESPONSE TO NOTICE OF COMPLIANCE** was served via United States Mail, addressed to the following:

John L. Green, Esq.
4888 Loop Central Drive, Suite 445
Houston, TX 77081
Jlgreen488@aol.com

Attorney for Defendant.

                                                                   s/*Samantha Merrick*
                                                                   Samantha Merrick

{00353638.DOCX / 1}