## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 15-CV-01542-PAB-NRN

BRUCE P. KRIEGMAN
as Chapter 11 Trustee for LLS America,

        Plaintiff,

v.

ALEX MIRROW and SAVE IT, LLC,

        Defendants.

### PLAINTIFF'S MOTION FOR TURN OVER OF FUNDS AND PASSPORT

Plaintiff, Bruce P. Kriegman as Chapter 11 Trustee for LLS America (the "Trustee"), by his attorney, Bruce E. Rohde of Campbell Killin Brittan and Ray, LLC, requests the Court direct Defendant Alex Mirrow to turn over funds he has in Sri Lanka and his Passport, and as grounds therefore, states as follows:

The Trustee is pursuing collection of a judgment in the principal amount of $1,396,093.13 entered in the U.S. District Court for the Eastern District of Washington on January 24, 2014 (Dkt. #1) against Alex Mirrow ("Defendant Mirrow" or "Mirrow") arising from his role as a feeder and promoter of a massive U.S.-Canadian Ponzi scheme which involved over $130 million. The victimized investors lost a total of over $46 million -- many of whom were elderly and/or lost their entire life savings. Defendant Mirrow has vigorously and steadfastly avoided the Trustee's collection efforts for over six (6) years and has not paid a penny of the Judgment.

**SRI LANKA MONIES**

At his deposition, Alex Mirrow ("Mirrow") testified:

1

- Sometime between 2010 to 2013 or 2014 (he "does not really know" when), he sent a substantial amount of money to David Perry in Sri Lanka (Mirrow Depo. 64:15-20) (and the Trustee filed suit against Mirrow in April of 2011);

- He has no record of exactly how much he sent Perry (*Id*. 64:21-23);

- But his best estimate in somewhere around $300,000 (*Id.* 63:10-64:14);

- Which was sent by wire transfer from a Grand Junction bank, but he does not remember the bank(s) (*Id.* 64:24-65:19);

- Nor does not recall where he got the money (Id. 65:20-66:17);

- But Perry could do whatever he wanted with the money (Id. 66:24-67:11);

- And Mirrow never asked Perry what he had done with the money (67:8-13);

- So he has no idea what Perry did with the money (Id. 71:21-23);

- However, from time to time, Perry would send money (by wire transfers) to him so he could pay income taxes and amounts due on his credit cards (67:14-69:25), and the Trustee's review of the bank records Mirrow produced in response to the Court's Subpoenas show a number of deposits Mirrow claims came from Perry (*Id*. 116:5-118:17 and **Exhibits 1 and 2** (Depo. Exs.35 and 36) (At first Mirrow testified: "I haven't received any money from him in quite some time" but then, when confronted with bank records, he admitted he received as much as $32,500 in 2019) and see also 144:23-146:12 and **Exhibit 3** (Depo. Ex. 53); Affidavit of Charissa Hammer, CPA, forensic accountant, and certified fraud examiner and Exhibit A thereto (banks statements of Cadence Bank showing wire transfers and summary of wire transfers).

- Further, Perry would hand deliver cash to him by courier while he was traveling so he could pay travel expenses (*Id*. 103:17-19; 117:8-19); and

- He thinks he has between $40,000 and $50,000 left (in Sri Lanka with Perry) (*Id.* 67:14-21).

The Sri Lanka money should be turned over to the Trustee to help pay the Judgment.  *See e.g. United Int'l Holdings, Inc. v. Wharf (Holdings) Ltd.,* 210 F.3d 1207, 1235-36 (10th Cir. 2000); *accord Bank of Am., N.A. v. Veluchamy*, 643 F.3d 185,  187 (7th Cir. 2011)   (7th Cir. 2011) (where the district court ordered defendants to repatriate the funds or disclose the reasons precluding them from doing so). As explained by the Tenth Circuit in the *United Int'l Holdings* case: "the plain language of Federal Rule of Civil Procedure 69(a) unambiguously permits a federal district court

2

sitting in Colorado to reference and apply Colorado law in "proceedings on and in aid of execution," unless a federal statute governs such proceedings. *Id. Entitle Ins. Co. v. Durling, Civil Action* No. 11-cv-00561-CMA-KMT, 2012 U.S. Dist. LEXIS 8637 at *3 (D. Colo. Jan. 25, 2012) ( "Under Rule 69(a), the Court may enter a turnover order "in aid of execution" of the Consent Judgment, provided that it defers to state law to provide methods for collecting judgment.)

Colorado Rule of Civil Procedure 69(g) provides:

> The court, master, or referee may order any party or other person over whom the court has jurisdiction, to apply any property other than real property, not exempt from execution, whether in the possession of such party or other person, or owed the judgment debtor, towards satisfaction of the judgment.

Moreover, Rule 69(g) permits entry of a turnover order without the necessity of making factual findings. *Id* (*citing Hudson v. American Founders Life Ins. Co.,* 417 P.2d 772 (Colo. 1966) (construing former Rule 69(f)).

An Order of the Court directing Mirrow to turn over money he has stashed in Sri Lanka will not conflict with principles of extraterritoriality or the comity of nations. *Id.* at 1236. The location of Mirrow's assets is irrelevant. *Id. (citing In re Simon,* 153 F.3d 991, 997 (9th Cir. 1998); *United States v. First Nat'l City Bank*, 379 U.S. 378, 384 (1965) ("Once personal jurisdiction of a party is obtained, the District Court has authority to order it to 'freeze' property under its control, whether the property be within or without the United States."); *United States v. Nippon Paper Indus. Co.*, 109 F.3d 1, 8 (1st Cir. 1997) (comity only "counsels voluntary forbearance when a sovereign which has a legitimate claim to jurisdiction concludes that a second sovereign also has a legitimate claim to jurisdiction under principles of international law"). Compliance with the turnover order will not require Mirrow to violate Sri Lank law.

**PASSPORT**

Mirrow has been traveling all over the world with his wife while the Trustee has been trying to find him and serve him with legal process, oftentimes leaving his elderly parents to "take the

heat," so to speak.[1] A copy of his Passport is attached as **Exhibit B** and a summary of his travels of his spending on these travels based on the credit card statements Mirrow produced (totaling well over $100,000) is attached as **Exhibit C**. *See* Affidavit of Charissa Hammer, CPA, forensic accountant, and certified fraud examiner.

Mirrow has a condominium in Mexico he owns free and clear (except for some homeowner's dues). Alex Depo. 13:9-25. His travels include frequent visits to the Mexico condominium. **Importantly, he and his wife may very well move to Mexico (and play the catch-me-if-you-can game he tried to play earlier. Id 143:12-17.** *See* **Motion to Quash Subpoenas (Dkt. #1 in the 4:20-MC-01226 Southern District of Texas case.))**

The Court should require Mirrow to turn over his Passport because he is a flight risk and should not be free to travel the world spending money (including whatever funds he has in Sri Lank or elsewhere) and perhaps arranging to sell his Mexico condo and run off with the proceeds. *See e.g. Veluchamy*, 643 F.3d at 189 ("the power to order a party to produce funds includes the power to exercise some minimal control over the party subject to that order—but only when doing so is necessary to protect the court's ability to enforce the underlying order and prevent the loss of assets);[2] *accord United States v. Barrett*, Civil Action No. 10-cv-02130-RBJ, 2014 U.S. Dist. LEXIS 10888, 113 A.F.T.R.2d (RIA) 2014-749 at *26-28 (D. Colo. Jan. 29, 2014) (equitable writ restraining defendants from leaving the jurisdiction of the court, pursuant to which tax holders had been detained in the U.S. for 3 1/2 months and based on an unpaid tax obligation arising from a fraudulent tax return); *Mae v. Heather Apts. Ltd. P'ship,* 2013 Minn. Dist. LEXIS 69 ("The Court's contempt power includes the power to seize a party's passport.")

---

[1] The Court is well familiar with the procedural history, so the Trustee need not and will not repeat it here.
[2] The Court also can and should require Mirrow to turn over his Passport as a sanction for his failure to comply with the Court's Order for Sanctions requiring him (and his attorney) pay certain of their attorney's fees the Trustee incurred in dealing with his Motion to Quash. *See* the Trustee's recent Motion of Sanctions.

DATED this 13th day of April, 2021.

**Campbell Killin Brittan & Ray, LLC**

By:  */s/ Bruce E. Rohde*
Bruce E. Rohde, #11465
270 St. Paul Street, Suite 300
Denver, Colorado 80206
Phone: (303) 322-3400
Fax: (303) 322-5800
Email: brohde@ckbrlaw.com

Attorneys for Plaintiff Bruce P. Kriegman,
as Chapter 11 Trustee for LLS America.

**CERTIFICATE OF SERVICE**

I hereby certify that on April 13th, 2021, a true and correct copy of the foregoing **PLAINTIFF'S MOTION FOR TURN OVER OF FUNDS AND PASSPORT** was served via United States Mail, addressed to the following:

Jeffrey M. Villanueva
Jeffrey M. Villanueva, P.C.
1755 Blake Street, Suite 225
Denver, Colorado 80202

*Attorneys for Defendants.*

s/ *Samantha Merrick*
Samantha Merrick

5