IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 15-cv-01542-PAB-NRN

BRUCE P. KRIEGMAN, as Chapter 11 Trustee for LLS America, LLC,

     Plaintiff,

v.

ALEX MIRROW and
SAVE IT, LLC,

     Defendants.

---

## ORDER

---

     This matter is before the Court on Counsel's Objection to Magistrate Order Imposing Sanctions and Brief in Support Thereof [Docket No. 187] and Trustee's Motion to Strike or For Leave to Respond to Craig Hemphill's Objection to Magistrate Order Imposing Sanctions and Brief in Support Thereof [Docket No. 189]. The objection, filed by defendant Alex Mirrow's Texas counsel, Craig Kyle Hemphill ("Hemphill"), is in response to Magistrate Judge N. Reid Neureiter's Order Granting Plaintiff's Motion for Sanctions (Dkt. #167) [Docket No. 186] (the "Order"). Docket No. 187 at 1. The motion to strike asks the Court to strike Mr. Hemphill's objection as untimely. *See* Docket No. 189 at 2, ¶ 3.

     The Court assumes familiarity with this matter and will not repeat the facts or procedural history except as necessary. Additional background information may be found in the Order, as well as in the order on plaintiff's motion for sanctions, Docket No. 66, the order on plaintiff's motion to compel, Docket No. 153, and the order denying

plaintiff's motion for order to show cause.  Docket No. 163.

The Order explains that, after unsuccessful attempts to serve Mr. Mirrow and his non-party wife, Angela Mirrow, plaintiff moved to compel the Mirrows to comply with previously issued document subpoenas.  Docket No. 186 at 1–2 (citing Docket No. 135).  The Mirrows objected to the court's jurisdiction over them by virtue of their residence outside of the district.  Docket No. 145.  The court held a hearing on the motion and the Mirrows' objection, but neither the Mirrows nor their lawyer appeared. Docket No. 186 at 3.  Instead, after plaintiff served the Mirrows with new document subpoenas, the Mirrows, through Mr. Hemphill, moved to quash the subpoenas in the United States District Court for the Southern District of Texas, arguing that the subpoenas were not enforceable because the Mirrows are not residents of the Southern District of Texas.  *Id.*  The court then held another hearing, at which a new, Colorado-based lawyer for the Mirrows, Jeffrey Villanueva, appeared and stated that the motion to quash filed by Mr. Hemphill had been ill-advised and that his client would comply with the subpoenas.  *Id.* at 4.  The motions to quash were denied, and the Mirrows were ordered again to produce documents to plaintiff.  *Id.*  The court then ordered Mr. Hemphill to show cause why he should not be sanctioned under 28 U.S.C. § 1927 for unreasonably and vexatiously multiplying the proceedings.  *Id.*

The magistrate judge noted that, in Mr. Hemphill's response, he did not address the substantive issues relating to whether he should be sanctioned, but rather limited his argument to the assertion that "this Court does not have jurisdiction to sanction him because the Motion to Quash was filed in the Southern District of Texas." *Id.* at 7.  At the hearing, Mr. Hemphill also argued that he acted properly based on the facts

2

provided by the Mirrows that they were residents of Mexico, not Houston, and therefore could not be required to appear or produce documents in Houston.  *Id.*

The magistrate judge determined that Mr. Hemphill was incorrect in his belief that he cannot be sanctioned here because he is not admitted to practice in this district and the motion to quash was filed elsewhere.  *Id.* at 8.  The magistrate judge explained that, when the motion to quash was transferred from the Southern District of Texas to the District of Colorado, Mr. Hemphill was permitted to file papers and appear on the motion here, notwithstanding his voluntary decision to limit his representation of the Mirrows to the Texas proceedings.  *Id.*  That is, Mr. Hemphill's decision to limit his representation "does not prevent this Court from taking appropriate actions to sanction conduct that has impact in this Court."  *Id.* (citing *Chambers* v. *NASCO, Inc.*, 501 U.S. 32, 57 (1991) ("As long as a party receives an appropriate hearing, . . . the party may be sanctioned for abuses of process occurring beyond the courtroom.")).  The magistrate judge noted the general rule that the "transferee court's powers are coextensive with those of the transferor court," meaning that if Mr. Hemphill could have been sanctioned for filing a meritless motion in the Southern District of Texas, then he can be sanctioned for the same motion that was transferred to the District of Colorado. *Id.* at 9 (quoting *Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1516 (10th Cir. 1991)).

The magistrate judge also noted that Mr. Hemphill's motion incorrectly asserted that the subpoenas should be quashed because the Mirrows reside in Mexico, not Houston; however, a party need not reside in the location for compliance with Rule

45(c).  *Id.* at 10.  Instead, "it must be within 100 miles of where the person 'resides, is employed, or regularly transacts business in person.'"  *Id.* (quoting Fed. R. Civ. P. 45(c)). The magistrate judge explained that the record indicates – and Mr. Mirrow has admitted – that he was regularly present in Houston for many years, and Mr. Hemphill did not thoroughly inquire as to Mr. Mirrow's residency.  *Id.*   The magistrate judge thus concluded that Mr. Hemphill was "reckless" and "cavalier in light of the extensive record and tortured history of this case."  *Id.* at 11.  Moreover, the magistrate judge highlighted, Colorado counsel correctly determined that motion to quash was unnecessary and indefensible, and Mr. Hemphill's actions had real consequences for plaintiff, whose counsel had to respond to the motion.  *Id.*

Generally, district courts review magistrate judges' orders regarding non-dispositive motions under a "clearly erroneous or contrary to law" standard.  28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a).  Discovery sanctions are non-dispositive.  *See Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1465 (10th Cir. 1988).  Under this standard of review, a magistrate judge's finding should not be rejected merely because the Court would have decided the matter differently.  *See Anderson v. City of Bessemer*, 470 U.S. 564, 573 (1985).  A district court must affirm a magistrate judge's decision unless, "on the entire evidence[, the district court] is left with the definite and firm conviction that a mistake has been committed."  *Ocelot Oil*, 847 F.2d at 1464 (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)); *Allen v. Sybase, Inc.*, 468 F.3d 642, 658 (10th Cir. 2006).

Under Federal Rule of Civil Procedure 72(a), a party has fourteen days after

4

being served with a copy of a magistrate judge's non-dispositive order to serve and file objections. Because the magistrate judge entered his order on February 8, 2021, any objection was due by February 22, 2021. The postmark on the envelope that Mr. Hemphill used to file his objection is dated March 5, 2021, Docket No. 187-3, and the objection was docketed on March 8, 2021. Docket No. 187. Mr. Hemphill states that he did not receive the order until February 19, 2021.[1] *Id.* at 1. He also states that "the entire state of Texas including U.S. Mail was shut down due to an Arctic Blast of historical proportion . . . from February 14 through February 23, 2021." *Id.* at 1 n.1. Mr. Hemphill offers no evidence that the mail system was shut down during these particular dates, however, and it must not have been, since Mr. Hemphill states that he received the magistrate judge's order on February 19. *Id.* at 1.

Under the Federal Rules of Civil Procedure, which govern an action such as this, "[a] paper is served under this rule by," among other things, "mailing it to the person's last known address–in which event service is complete upon mailing." Fed. R. Civ. P. 5(b)(2)(C); *see also Lopez v. Gonzales*, No. 18-cv-03233-DDD-MEH, 2020 WL 2539062, at *1 (D. Colo. May 19, 2020) ("Service of the recommendation was complete upon mailing . . . and [p]laintiff's nonreceipt of the recommendation does not affect the validity of service by mail." (citing *Theede v. U.S. Dep't of Labor*, 172 F.3d 1262, 1266 (10th Cir. 1999)). The fourteen-day period for Mr. Hemphill to object began to run when the Order was mailed on February 8, 2021. Therefore, Mr. Hemphill's objection was due by February 22, 2021.

---

[1] Mr. Hemphill is not admitted to practice in the District of Colorado and therefore does not have access to the Court's electronic case management system. *Id.* at 1 n.1.

The Tenth Circuit has "adopted a firm waiver rule when a party fails to object to the findings and recommendations of the magistrate." *Duffield v. Jackson*, 545 F.3d 1234, 1237 (10th Cir. 2008).  The firm waiver rule also applies to objections to non-dispositive orders issued by magistrate judges. *See Sinclair Wyoming Ref. Co. v. A & B Builders, Ltd.*, 989 F.3d 747, 783 (10th Cir. 2021) ("We thus hold the firm waiver rule applies when a party fails to object to a magistrate judge's non-dispositive ruling under Rule 72(a).").  The firm waiver rule states that "[t]he failure to timely object . . . waives appellate review of both factual and legal questions." *Duffield*, 545 F.3d at 1237. However, "the firm waiver rule does not apply (1) when a *pro se* litigant was not notified 'of the time period for objecting and the consequences of failing to object,' (2) 'when the interests of justice warrant,' or (3) when the party that failed to object 'makes the onerous showing required to demonstrate plain error.'" *Schupper v. Cafasso*, 708 F. App'x 943, 946 (10th Cir. 2017) (unpublished) (quoting *Wardell v. Duncan*, 470 F.3d 954, 958 (10th Cir. 2006)).

While the magistrate judge's order did not inform Mr. Hemphill that he had fourteen days to object, Mr. Hemphill is an attorney and is clearly familiar with the Federal Rules of Civil Procedure and filing deadlines, as he filed his objection under Rule 72(a).  Moreover, while Mr. Hemphill appears to be proceeding *pro se* at the moment, he was represented by counsel at the show cause hearing.  *See* Docket No. 185.  As to the question of whether the "interests of justice" warrant review of Mr. Hemphill's objection, the Tenth Circuit considers a "litigant's effort to comply, the force and plausibility of the explanation for his failure to comply, and the importance of the

issues raised." *Morales-Fernandez v. I.N.S.*, 418 F.3d 1116, 1120 (10th Cir. 2005).  Mr. Hemphill explained that a substantial winter storm impeded mail delivery and prevented him from prompt receipt of the magistrate judge's order.  Docket No. 187 at 1 n.1. However, Mr. Hemphill took an additional fourteen days to object from when he claims to have received the order; yet, in that time, did not request an extension of time.  *See Craighead v. Bear*, 717 F. App'x 815, 819 (10th Cir. 2017) (unpublished) (finding that the interests of justice did not require non-application of the firm waiver rule where the litigant did not explain why he failed to comply with the deadline and did not request an extension).  The Court finds that consideration of the first two factors counsels against finding an exception to the firm waiver rule.

The Tenth Circuit recognizes a third exception to the firm waiver rule, which applies when a party can demonstrate plain error.  *See Schupper*, 708 F. App'x at 946. "Plain error occurs when there is (1) error, (2) that is plain, which (3) affects substantial rights, and which (4) seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Morales-Fernandez*, 418 F.3d at 1122–23 (quotation omitted). "To be plain, the error must be clear or obvious under current, well-settled law of either the Supreme Court or [the Tenth Circuit]." *Fed. Deposit Ins. Corp. v. Kan. Bankers Sur. Co.*, 840 F.3d 1167, 1172 (10th Cir. 2016).  "[T]he burden of establishing plain error lies with the appellant and is 'nearly insurmountable.'" *Id.* at 1171 (quoting *Somerlott v. Cherokee Nation Distribs., Inc.*, 686 F.3d 1144, 1151 (10th Cir. 2012)).

Mr. Hemphill raises numerous objections to the Order.  First, he claims that the magistrate judge abused his discretion under 28 U.S.C. § 1927.  Docket No. 187 at 12.

He asserts that the magistrate judge "assumes facts into the record based on narrative testimony by plaintiff's counsel and by Mirrow's Colorado counsel." *Id.* Mr. Hemphill, however, cites no specific instances of this occurring, and the Court finds none. The Court finds no error in this portion of the magistrate judge's order and overrules Mr. Hemphill's first objection.

Second, Mr. Hemphill objects to the magistrate judge's conclusion regarding the substance of the motion. The magistrate judge determined that Mr. Hemphill's argument that the subpoenas could be quashed because the Mirrows reside in Mexico, not Houston, relied on an assertion by the Mirrows. Docket No. 186 at 10. But Mr. Mirrow admitted that he was regularly present in Houston over many years, and Mr. Hemphill did not inquire further as to Mr. Mirrow's residency, which the magistrate judge found "at a minimum, reckless and . . . cavalier in light of the extensive record and tortured history of this case." *Id.* at 10–11. Mr. Hemphill objects that he "prudently ma[de] the analysis that he was not a lawyer having any dealings in Colorado nor would he have the ability to practice" here and, therefore, "should not be penalized for a well founded analysis" on which he based his motion to quash. Docket No. 187 at 13. As the magistrate judge noted, however, if Mr. Hemphill did not realize that his actions could have ramifications outside of the Southern District of Texas when the motions were transferred to this Court, he either did not adequately understand the issues or record in this case, or he attempted to insulate himself from responsibility. Docket No. 186 at 9–10. Either way, the magistrate judge noted, Mr. Hemphill is not beyond the reach of the Court. *Id.* at 10. The Court finds no error in the magistrate judge's analysis and overrules this objection.

8

Third, Mr. Hemphill states that he "cannot think of an instance where managing a decedent's estate arises to the level of a trustee conducting regular business." Docket No. 187 at 14. This seems to be the same jurisdictional argument that he has made before. Federal Rule of Civil Procedure 45 states that a subpoena may command a person to appear at a trial, hearing, or deposition, or to produce documents, "within 100 miles of where the person resides, is employed, or regularly transacts business in person." Fed. R. Civ. P. 45(c)(1)(A), (2)(A). Mr. Hemphill appears to believe that "managing a decedent's estate," which apparently is what Mr. Mirrow did in Houston, does not constitute "regularly transact[ing] business" that could make Mr. Mirrow subject to a subpoena issued in the Southern District of Texas. Yet Mr. Hemphill offers no authority or argument for his belief.

Additionally, Mr. Hemphill states that he conducted a "good faith investigation" and that it was not "incumbent on [him] to advocate by evaluating the full merits of Mirrows's case in Colorado" because the "issue involved jurisdiction in Texas." Docket No. 187 at 14. This appears to be an objection to the magistrate judge's determination that, because Mr. Mirrow admitted that he was regularly present in Houston over the years, the subpoenas were enforceable in the Southern District of Texas. *See* Docket No. 186 at 10.[2] The Court overrules this objection for the reasons discussed in the

---

[2] As noted previously, the magistrate judge found that "a party need not reside in the location for compliance under Rule 45(c). Instead, it must be within 100 miles of where the person 'resides, is employed, or regularly transacts business in person.'" Docket No. 186 at 10 (quoting Fed. R. Civ. P. 45(c)). "The Motion to Quash relied on the assertion that Mr. Mirrow did not reside in Houston. However, it did not address the fact that the record indicates, *and Mr. Mirrow admits*, that he was regularly present in Houston over many years. Mr. Hemphill's efforts to confirm Mr. Mirrow's residency at the time he was contacted do not excuse him from verifying whether there were other

preceding objection and because the attorney's conduct is judged objectively in determining the appropriateness of Section 1927 sanctions.  Subjective bad faith is not required.  *See Hamilton v. Boise Cascade Exp.*, 519 F.3d 1197, 1203 (10th Cir. 2008) ("Where, 'pure heart' notwithstanding, an attorney's momentarily 'empty head' results in an objectively vexatious and unreasonable multiplication of proceedings at expense to his opponent, the court may hold the attorney personally responsible.").

To the extent Mr. Hemphill also argues that he cannot be sanctioned in this district because the conduct occurred in another district and this Court lacks personal jurisdiction over him, he is mistaken.  As the magistrate judge explained, the general rule when a case is transferred is that the "transferee court's powers are coextensive with those of the transferor court; it may issue any order or render any judgment that could have been made in the transferor court had the transfer never taken place." Docket No. 186 at 9 (quoting *Chrysler Credit Corp.*, 928 F.2d at 1516).  Thus, as the magistrate judge determined, "if Mr. Hemphill could have been sanctioned for filing a meritless motion to quash by the Southern District of Texas, then he can be sanctioned by this Court for filing the same motion which was transferred to the District of Colorado for decision." *Id.*  The Court finds no error in this analysis.

Fourth, Mr. Hemphill argues that the fees for sanctions are unreasonable because plaintiff's counsel billed too much time on the matter.  Docket No. 187 at 15. Mr. Hemphill, however, provides no authority that could establish that it should have taken plaintiff's counsel less time.  To determine the number of hours expended, the

---

facts that would establish that the location for compliance of the subpoenas was proper." *Id.*

Court reviews counsel's billing entries to ensure that counsel exercised proper billing judgment. *Case v. Unified Sch. Dist. No. 233*, 157 F.3d 1243, 1250 (10th Cir. 1998). Once the Court determines the lodestar, it may "adjust the lodestar upward or downward to account for the particularities" of the work performed. *Phelps v. Hamilton*, 120 F.3d 1126, 1131 (10th Cir. 1997). The Court is not required to reach a lodestar determination in every instance, however, and may simply accept or reduce a fee request within its discretion. *Hensley v. Eckerhart*, 461 U.S. 424, 436–37 (1983). The magistrate judge reviewed the records provided by plaintiff's counsel and found the fee reasonable. The Court finds no error in the magistrate judge's determination and therefore overrules this objection.

Fifth, Mr. Hemphill argues that the magistrate judge was "dismissive, yelling, snickering, and outright demonstrated behavior that was distinctly troubling in a time of a pandemic and in any normal fashion." Docket No. 187 at 15. Mr. Hemphill complains that he was "forced [] into a proceeding in Colorado" and had to "suffer the indignity have [sic] having plaintiff's counsel e-file evidence on [his] behalf." *Id.* Mr. Hemphill's concern about the atmosphere at the hearing does not appear to be an objection over the substance of the Order. Moreover, the Court has reviewed the transcript and does not find a single instance of the "troubling" behavior that Mr. Hemphill complains of. *See* Docket No. 185. Additionally, Mr. Hemphill was not made to suffer any indignity. Rather, the magistrate judge gave Mr. Hemphill the choice of how to file his supporting memorandum and said, "I want everybody to have a fair opportunity to have their positions reflected in the record. So however you want to do it. If you want to get an ECF number and do it that way, if you want to send it by mail. I'd prefer if it showed up

electronically.  So, Mr. Rhode, out of professional courtesy, if they send you that by email, would you mind submitting it to the Court?"  *Id.* at 41:1–9.  The Court therefore overrules this objection.[3]

Wherefore, it is

**ORDERED** that Counsel's Objection to Magistrate Order Imposing Sanctions and Brief in Support Thereof [Docket No. 187] is **OVERRULED**.  It is further

**ORDERED** that Trustee's Motion to Strike or For Leave to Respond to Craig Hemphill's Objection to Magistrate Order Imposing Sanctions and Brief in Support Thereof [Docket No. 189] is **DENIED as moot**.

DATED December 16, 2021.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge

---

[3] The Court would overrule Mr. Hemphill's objection even if it were timely, as the Court has found no error in the magistrate judge's analysis and is not "left with the definite and firm conviction that a mistake has been committed."  *U.S. Gypsum Co.*, 333 U.S. at 395.